UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. COTTON, <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF SAN BERNARDINO, et al., <br><br> Defendant. | NO. EDCV 15-2314-VAP (AGR) <br><br> ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the complaint, records on file, and the Report and Recommendation of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which Plaintiff has objected. The Court accepts the findings and recommendation of the Magistrate Judge except as described below.

Plaintiff was acquitted of domestic violence in violation of Cal. Penal Code § 273.5 in *People v. Cotton*, Case No. FVI 1401155 (County of San Bernardino). At trial, the prosecutor, Mr. Haskell, stated he "found out this morning" that the victim, Plaintiff's wife, had stated she bit Plaintiff's lip and informed Mr. Mathias, Plaintiff's defense counsel. (Pl. Req. Jud. Notice, Exh. B at 20, Dkt. No. 35.)[1] Matthias requested, and the trial judge gave, a jury instruction on late discovery. (*Id.* at 19, 23-

---

[1] Page citations are to the page numbers assigned by CM/ECF in the header.

24) ("[An] attorney for the People failed to disclose a statement by Rosalyn Cotton that she had bitten the defendant's lip.")

The First Amended Complaint ("FAC") alleges that prosecutors did not turn over "*Brady* evidence" that "was available at or before the preliminary hearing." (FAC ¶ 35.) Plaintiff alleges that he was in custody 47 days from March 29, 2014 until May 21, 2014, when he posted bond. (FAC ¶ 54.)

In his Objections, Plaintiff explicitly states that his wife made the statement to prosecutor Levers "before the Preliminary Hearing, and [Levers] never disclosed this evidence at that Hearing." (Obj. at 1.) Plaintiff argues that he has thereby rebutted the prima facie evidence of probable cause from the judge's decision to hold Plaintiff to answer after his preliminary hearing.

To state a malicious prosecution claim under 42 U.S.C. § 1983, Plaintiff must allege "that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (citation omitted).

The decision to hold a criminal defendant to answer after a preliminary hearing constitutes *prima facie* evidence of probable cause. *Awabdy*, 368 F.3d at 1067. "Among the ways that a plaintiff can rebut a *prima facie* finding of probable cause is by showing that the criminal prosecution was induced by fraud, corruption, perjury, fabricated evidence, or other wrongful conduct undertaken in bad faith." *Id.* "[C]ollateral estoppel does not apply when the decision to hold a defendant to answer was made on the basis of fabricated evidence presented at the preliminary hearing or as the result of other wrongful conduct by state or local officials." *Id.* at 1068.

Even assuming that collateral estoppel does not apply, the question remains whether Plaintiff has sufficiently alleged the absence of probable cause. When the facts are undisputed, the existence of probable cause is a question of law. *Tsao v. Desert Palace*, 698 F.3d 1128, 1146 (9th Cir. 2012). For purposes of the probable

cause analysis, the court assumes as true the allegation in the Objections that Plaintiff's ex-wife told prosecutor Levers, prior to the preliminary hearing, that she bit Plaintiff. "The mere existence of some evidence that could suggest self-defense does not negate probable cause. [The criminal defendant]'s claim of self-defense apparently created doubt in the minds of the jurors, but probable cause can well exist (and often does) even though ultimately, a jury is not persuaded that there is proof beyond a reasonable doubt." *Yousefian v. City of Glendale*, 779 F.3d 1010, 1014 (9th Cir. 2015). In California, self defense is not established as a matter of law simply because the criminal defendant is not the initial aggressor:

> A person threatened with an attack that justifies the exercise of the right of self-defense need not retreat. In the exercise of his right of self-defense a person may stand his ground and defend himself by the use of all force and means which would appear to be necessary to a reasonable person in a similar situation and with similar knowledge; and a person may pursue his assailant until he has secured himself from danger if that course likewise appears reasonably necessary. This law applies even though the assailed person might more easily have gained safety by flight or by withdrawing from the scene.

CALJIC 5.50; CALCRIM 3470.

Defendant Abernathy, the deputy sheriff who was the sole witness at the preliminary hearing, testified that he interviewed Plaintiff at the hospital. Abernathy testified that Plaintiff said his wife, during an argument, "stood up from the bed and tried to bite him near the lip. So in self-defense he shook her several times, and she consequently hit her head several times on the headboard of the bed." (Pl. Req. Jud. Not., Exh. A at 11.) Plaintiff's wife could not recall how she got her injuries. She told Plaintiff she wanted a divorce . "She was sitting on her bed, and next thing she

3

remembered is waking up on her bed." (*Id.* at 9.) Q: "She doesn't recall whether she attempted to bite Mr. Cotton before she blacked out or doesn't remember what happened?" A: "I asked her. She claimed she did not." (*Id.* at 12-13.) She told Abernathy that Plaintiff struck her head on the headboard, but "she only knew this because Mr. Cotton told her." (*Id.* at 13.) Plaintiff told her he became frustrated at her and hit her head against the headboard several times. (*Id.* at 14.) Abernathy observed that she had a swollen right eye and a lump to the back of her head. (*Id.* at 9-10.) Plaintiff does not allege that Abernathy fabricated or omitted evidence. The court held Plaintiff to answer on Count 1 of the First Amended Felony Complaint. (*Id.* at 16.)

Taking as true the allegation that Plaintiff's wife admitted to a prosecutor that she attacked first by biting Plaintiff, the question remained whether Plaintiff defended himself by use of force that would appear necessary to a reasonable person in a similar situation and with similar knowledge. Thus, the prosecutor acknowledged at the preliminary hearing Plaintiff's statement that "[s]he tried to bite him," but argued that Plaintiff "hit her head repeatedly against the headboard and knocked the victim unconscious." (*Id.* at 15.) "Probable cause does not require proof beyond a reasonable doubt." *United States v. Noster*, 590 F.3d 624, 629 (9th Cir. 2009). Probable cause exists when, "under the totality of the circumstances known to the officer, a prudent person would have concluded that there was a fair probability that the suspect had committed or was committing a crime." *Id.* at 629-30. The facts presented by Abernathy show a fair probability that Plaintiff's response to the bite was unreasonable. *See also* Cal. Penal Code § 13701(b) ("The dominant aggressor is the person determined to be the most significant, rather than the first, aggressor.").

Plaintiff's remaining objections are without merit.

4

IT IS ORDERED that (1) Defendants' motions to dismiss are granted; (2) the First Amended Complaint is dismissed without leave to amend; and (3) judgment be entered dismissing this action with prejudice as to claims one through six and without prejudice as to claims seven and nine through twelve.

DATED: December 8, 2016

VIRGINIA A. PHILLIPS
Chief United States District Judge